UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
GALEN G. COOK,                          )
                                        )
                    Plaintiff,          )   Case No. C04-2542L
                                        )
        v.                              )
                                        )   ORDER GRANTING DEFENDANT'S
UNITED STATES DEPARTMENT OF             )   MOTION FOR SUMMARY
JUSTICE,                                )   JUDGMENT AND DENYING
                                        )   PLAINTIFF'S CROSS-MOTION
                    Defendant.          )
_____)

This matter comes before the Court on "Defendant's Motion for Summary Judgment" (Dkt. # 7) and "Plaintiff's Cross-Motion for Summary Judgment" (Dkt. # 11). Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S CROSS-MOTION

trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient," however, and factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

The purpose of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, is to provide wide-ranging public access to government documents. "Without question, the Act is broadly conceived. It seeks to permit access to official information long shielded unnecessarily from public view and attempts to create a judicially enforceable public right to secure such information from possibly unwilling official hands." EPA v. Mink, 410 U.S. 73, 80 (1973), *superseded by statute on other grounds as recognized in* Halpen v. FBI, 181 F.3d 279, 291 (2nd Cir. 1999). FOIA sets out specific statutory exemptions from disclosure, "[b]ut these limited exemptions do not obscure the basic policy that disclosure, not secrecy, is the dominant objective of the Act." Dep't of the Air Force v. Rose, 425 U.S. 352, 361 (1976). Therefore the exemptions "must be narrowly construed" (Rose, 425 U.S. at 361) and "the burden is on the agency to sustain its action" (5 U.S.C. § 552(a)(4)(B)).

Under FOIA, a governmental agency is not required to disclose "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Under this exemption, the government must establish (1) that the entity withholding documents is a law enforcement agency, (2) that the requested documents were compiled for law enforcement purposes, and (3) that the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S CROSS-MOTION                 -2-

requested disclosure could reasonably be expected to interfere with enforcement proceedings. See Lion Raisins Inc. v. U.S. Dep't of Agric., 354 F.3d 1072, 1082 (9th Cir. 2004). After reviewing the memoranda, declarations, and exhibits submitted by the parties, the Court granted plaintiff's unopposed motion for an in camera review of the requested documents so that the Court could better ascertain how their disclosure would affect the enforcement proceedings. Having heard the testimony of Supervisory Special Agent Fairries[1] regarding the nature and scope of the investigative activities and the impact that the disclosure of the requested documents would have on the investigation,[2] the Court finds as follows:

      Plaintiff seeks the disclosure of FBI psychological profiles of the hijacker, interview reports by the FBI of two witnesses, and records documenting the physical evidence from the aircraft that can be matched to the hijacker. It is undisputed that the FBI is a law enforcement agency and that the records plaintiff seeks were compiled for law enforcement purposes. The FBI has refused to produce the requested records (without admitting that they exist) on the ground that the disclosure of such information would interfere with the on-going investigation of the hijacking. Some of the FBI's justifications for refusing to produce the requested records are weaker than others. The Court is persuaded, however, that disclosure of the non-public information contained in the existing records could reasonably be expected to hinder the investigation by making it far more difficult for the FBI (a) to verify and corroborate future witness statements and evidence, (b) to discern which tips, leads, and confessions have merit and deserve further investigation and which are inconsistent with the known facts and can

---

[1] Supervisory Special Agent Fairries is in charge of the FBI's investigation of the November 24, 1971, hijacking of Northwest Orient Airlines flight number 305.

[2] Special Agent Fairries was sworn in and questioned by both defense counsel and the Court. His testimony was transcribed and will be filed under seal in this matter. The documents that Special Agent Fairries brought with him were reviewed by the Court in chambers and returned: no copies were made and the documents will not be filed in the record.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S CROSS-MOTION                -3-

be safely ignored, and (c) to conduct effective interrogations of suspects.

Plaintiff's position is that the investigation of the 1971 hijacking is dormant, making the law enforcement exemption inapplicable, and that the agency should release additional information about the case so that the public can assist in apprehending the hijacker. Other than a slight inference raised by the length of time this investigation has been pending, there is no evidence that the investigation has been completed or is otherwise inactive. SSA Fairries has testified that there is on-going investigative activity related to the case and that the FBI continues to follow-up on credible leads as they arise. Plaintiff's communications with agents who have not been involved with the investigation for over twenty years (if ever) and the mere fact that this crime remains unsolved do not contradict SSA Fairries' statements and do not establish, or even raise a genuine issue of material fact, regarding the pendency of this investigation. With regards to plaintiff's argument that the FBI should make more information public in order to advance the investigation, that is a decision for the law enforcement agency to make: the Court will not second-guess the FBI's investigative techniques.

For all of the foregoing reasons, defendant's motion for summary judgment is GRANTED and plaintiff's cross-motion is DENIED. Judgment will be entered accordingly.

DATED this 13th day of September, 2005.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND DENYING
PLAINTIFF'S CROSS-MOTION                -4-